Israel Klein, Esq.
Brittany Weiner, Esq.
IMBESI LAW P.C.
450 Seventh Avenue, Suite 1408
New York, New York 10123
(646) 767-2265
(646) 767-2271
Israel@lawicm.com
Brittany@lawicm.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
JACOB STERN, individually, and on behalf
of all others similarly situated,                                                    **Case No.:**

                                        Plaintiff,                                    **CLASS ACTION**
                                                                                     **COMPLAINT**

                                        v.

INTEL CORPORATION,

                                        Defendant.
-----------------------------------------------------------------X

Plaintiff Jacob Stern ("Mr. Stern" or "Plaintiff"), by and through his attorneys, Imbesi

Law PC, brings this putative class action on behalf of himself and all other similarly situated

persons against Defendant Intel Corporation ("Intel"), and alleges upon information and belief as

follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this putative class action against Defendant seeking damages

sustained as a direct and proximate result of Defendant's violations of New York General

Business Law ("GBL") §§ 349 and 350, breach of warranty, fraudulent concealment and/or

inducement, negligent misrepresentation and unjust enrichment in connection with Defendant's

marketing and sales of x86-64 computer processors. Plaintiff and putative Class members have

been, and continue to be, injured by Defendant's pattern and practice of placing into the stream

of commerce computer processors containing security flaws, which Defendant manufactures, distributes and sells.

2.     Plaintiff is one of millions of New York consumers who purchased electronic devices containing Defendant's x86-64 computer processors.

3.     Defendant has known, or should have known, for years that its x86-64 computer processors contain security flaws that may be exploited by hackers to access Plaintiff's and putative Class members' personal and sensitive information.

4.     Defendant Intel represents that its x86-64 computer processors exhibit high performance and leave the user with a satisfying experience. Defendant Intel does not disclose that its x86-64 computer processors contain security flaws that may be exploited by hackers to access a user's personal and sensitive information.

5.     Without correcting its material misrepresentations or omissions, Defendant has continued to sell its x86-64 computer processors without warning Plaintiff and Class members that the processors contain security flaws that may be exploited by hackers to access Plaintiff's and putative Class members' personal and sensitive information.

6.     With notice and knowledge of its material misrepresentations or omissions, Defendant has not offered to compensate consumers to remedy their damages.

7.     Had Plaintiff and members of the putative Class known that Defendant's x86-64 computer processors contain security flaws that may be exploited by hackers to access Plaintiff's and putative Class members' personal and sensitive information, Plaintiff and members of the putative Class would not have purchased the x86-64 computer processors or electronic devices containing the processors for the agreed upon purchase price.

8.     As a direct and proximate result of Defendant's deceptive acts and practices in connection with its x86-64 computer processors, Plaintiff and members of the putative Class

have sustained economic injury by paying for processors or electronic devices they would not have otherwise purchased and by being deprived of the full intended use of their purchased products.

9. Plaintiff seeks damages and equitable remedies under statutory and common law claims for himself and members of the putative Class, of which Plaintiff is a member. Identified definitively below, the putative Class includes consumers who have purchased Defendant's x86-64 computer processors or electronic devices containing the processors from 2012 to present.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, to a reasonable probability; and (iii) there is minimal diversity because at least one of Plaintiff is a citizen of a state different from at least one Defendant.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so closely related to the federal claims that they form part of the same case or controversy.

12. Venue is proper in this District pursuant to 28 U.S.C. §1391 because (i) many of the acts and transactions giving rise to this action occurred in this District; (ii) Defendant is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District through the marketing, distribution and sale of its products in this District and (iii) Defendant currently does substantial business in this District.

## PARTIES

13. Plaintiff is a citizen of the State of New York and a resident of Kings County.

14. Defendant Intel is a foreign business corporation with its headquarters and

principal place of business located in Santa Clara, California. Defendant Intel is licensed to and does conduct business throughout the United States, including the State of New York.

15.     Defendant Intel is an American multinational corporation and technology company. Defendant Intel is the world's second largest and second highest valued semiconductor chip makers, and is the inventor of the x86 series of microprocessors, the processors found in most personal computers. Defendant Intel supplies processors for computer system manufacturers such as Apple, Lenovo, HP, and Dell.

16.     At all relevant times to this action, Defendant Intel developed, manufactured, marketed, sold and distributed its x86-64 computer processors throughout the United States, including in the State of New York.

## STATEMENT OF FACTS

### I.  Central Processing Units

17.     All modern-day desktop computers, laptop computers, tablets and smartphones contain a Central Processing Unit ("CPU").

18.     The CPU, also known as the processor or microprocessor, is the electronic circuitry within an electronic device. The CPU is the "brains" of a computer, and is responsible for executing a sequence of stored instructions called a program. The CPU carries out the instructions of a computer program by performing the basic arithmetic, logical, control and input/output operations specified by the instructions.

### II.  x86-64 Instruction Set Architecture

19.     Instruction Set Architecture ("ISA"), also referred to as the instruction set, is the set of basic instructions that a computer processor understands. Computer programmers utilize the ISA to provide commands to a computer processor to tell it how to operate.

20.     Different computer processors can use almost the same ISA while still having

very different internal designs.

21.      An example of an ISA is the "x86-64" instruction set.

### III. Operating System and Kernel

22.      An operating system, or OS, is the name of a group of computer programs that allow an individual to operate a computer. Examples of operating systems are Microsoft Windows, Linux and MacOS.

23.      An operating system has many jobs. It is responsible for making sure that all the programs can use the CPU, system memory, displays, input devices, and other hardware.

24.      The kernel is the central part of an operating system. The Kernel manages the operations of the computer and the hardware, most notably memory and CPU time. The Kernel is responsible for assigning and unassigning memory space to allow software to run.

### IV. Security Flaws in Defendant Intel's x86-64 Processors

25.      Defendant Intel's x86-64 processors contain security flaws in the way the processors access an operating system's kernel. These flaws cause the kernel to leak memory because of the way it handles speculative execution,[1] which modern processors perform to increase performance.

26.      Hackers can exploit these flaws to read the contents of the kernel's memory, including a user's passwords, cryptographic keys, personal photos, credit card information, emails and any other data.

27.      One specific flaw, dubbed "Meltdown," breaks the most fundamental isolation between user applications and the operating system. This attack allows a program to access the memory, and thus also the secrets, of other programs and the operating system.

---

[1] Speculative execution is an optimization technique where a computer system performs some task that may not be actually needed to prevent a delay that would have to be incurred by doing the work after it is known that it is needed.

28.     Another flaw, dubbed "Spectre," breaks the isolation between different applications. It allows an attacker to trick error-free programs, which follow best practices, into leaking their secrets.

29.     Effectively, every Defendant Intel x86-64 processor released since 1995 is vulnerable to Meltdown and Spectre, affecting millions of electronic devices.

30.     Consumers may download operating system patches to protect themselves against these flaws. However, downloading such patches may reduce their devices' performance speed by as much as 50%.

**V.  Plaintiff Purchases Computers Containing Defendant Intel's x86-64 Processors**

31.     Defendant Intel represents that its processors exhibit high performance and leave the user with a satisfying experience.

32.     On November 27, 2017, Plaintiff purchased two (2) OptiPlex 3050 desktop computers from Dell. Plaintiff paid $1,378.44 for both units.

33.     Both of Plaintiff's purchased computers contained Defendant Intel's x86-64 processors, which contain security flaws that may be exploited by hackers to access Plaintiff's personal and sensitive information.

34.     At no time did Defendant advise either Plaintiff or Class members that its x86-64 computer processors contain security flaws that may be exploited by hackers to access Plaintiff's or Class members' personal and sensitive information.

35.     Plaintiff and Class members purchased Defendant Intel's x86-64 computer processors or electronic devices containing the processors with no reason to suspect or know that the processors contain security flaws that may be exploited by hackers to access Plaintiff's or Class members' personal and sensitive information.

36.     With notice and knowledge of its material misrepresentations or omissions,

6

Defendant has not offered to compensate consumers to remedy their damages.

37.     Had Plaintiff and members of the putative Class known that Defendant's x86-64 computer processors contain security flaws that may be exploited by hackers to access Plaintiff's and putative Class members' personal and sensitive information, Plaintiff and members of the putative Class would not have purchased the x86-64 computer processors or electronic devices containing the processors for the agreed upon purchase price.

38.     As a direct and proximate result of Defendant's false and misleading statements and omissions in connection with its x86-64 computer processors, Plaintiff and members of the putative Class have sustained economic injury by paying for processors or electronic devices they would not have otherwise purchased and by being deprived of the full intended use of their purchased products.

39.     By marketing, selling and distributing its x86-64 computer processors throughout the United States, Defendant made actionable statements that the processors exhibit high performance and leave the user with a satisfying experience.

40.     Defendant engaged in the above-described actionable statements, omissions and concealments with knowledge that the representations were false and/or misleading, and with the intent that consumers rely upon such concealment, suppression and omissions.

41.     Alternatively, Defendant was reckless in not knowing that these representations were false and misleading at the time they were made. Defendant had exclusive access to data and information concerning its x86-64 computer processors' security flaws that Plaintiff and Class members could not and did not review.

## CLASS ALLEGATIONS

42.     Plaintiff repeats and realleges every allegation above as if set forth herein in full.

43.     Plaintiff brings this action on his own behalf, and on behalf of the following

Classes pursuant to Fed. R. Civ. P. 23(a), 23(b) (2), and/or 23(b) (3):

> **National Class:** All persons in the United States who from 2012 to the present purchased electronic devices containing Defendant Intel's x86-64 computer processors, or who directly purchased Defendant Intel's x86-64 computer processors, which contained security flaws that may be exploited by hackers to access personal and sensitive information.

> **New York Subclass:** All persons in New York who from 2012 to the present purchased electronic devices containing Defendant Intel's x86-64 computer processors, or who directly purchased Defendant Intel's x86-64 computer processors, which contained security flaws that may be exploited by hackers to access personal and sensitive information.

44.     Excluded from the Class is Defendant, its governing agencies, subsidiaries, affiliates, employees, officers and directors; any co-conspirators; federal governmental entities and instrumentalities of the federal government; states and their subdivisions, agencies, and instrumentalities; any judicial officer presiding over this matter and the members of their immediate families and judicial staff; and Class counsel.

45.     Plaintiff reserves the right to amend or modify the Class definitions in connection with a motion for Class certification or as warranted by discovery.

46.     This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria set forth in Federal Rule of Civil Procedure 23.

47.     Plaintiff does not know the exact size of the proposed Class; however, Plaintiff believes that the Class encompasses millions of individuals who are dispersed throughout the United States and the State of New York. Therefore, the proposed Class is so numerous that joinder of all members is impracticable.

48.     The identity and address of each Class member can be readily ascertained through mass advertisement and should be in the possession of Defendant and other electronic device retailers. Class members may be notified of the pendency of this action by mail and/or electronic mail and/or other electronic and social media means.

49.     There are questions of law and fact that are common to the Class, and predominate over any questions affecting only individual members of the Class. The damages sustained by Plaintiff and Class members arise from the common nucleus of operative facts surrounding Defendant's misconduct. The common questions include, but are not limited to:

a.  whether Defendant Intel's x86-64 computer processors contain security flaws that may be exploited by hackers to access personal and sensitive information;

b.  whether Defendant warranted that its x86-64 computer processors were free of any defects;

c.  whether Defendant's conduct constituted a breach of applicable warranties;

d.  whether Defendant unjustly enriched itself by charging customers for defective x86-64 computer processors;

e.  whether Defendant committed statutory and common law fraud;

f.  whether Defendant committed statutory and common law negligence;

g.  whether Defendant's conduct violated the New York Business Law § 349;

h.  whether Defendant's conduct violated the New York Business Law § 350;

i.  whether, as a result of Defendant's omissions and/or misrepresentations of material facts, Plaintiff and members of the Class have suffered an ascertainable loss of monies and/or property and/or value; and

j.  whether Plaintiff and Class members are entitled to monetary damages and/or other remedies and, if so, the nature of any such relief.

50.     Plaintiff's claims are typical of the claims of the Class since each Class member was subject the same deceptive practices and course of conduct. Furthermore, Plaintiff and all members of the Class sustained monetary damages including, but not limited to, ascertainable loss arising out of Defendant's wrongful conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class members.

51.     Plaintiff is committed to the vigorous prosecution of the Class' claims. Plaintiff will fairly and adequately represent the interests of the Class. No conflict of interest exists between the representative and the Class members or with respect to the claims for relief

requested.

52.     The representative and his chosen attorneys are familiar with the subject matter of the lawsuit and have full knowledge of the allegations contained in this complaint so as to be able to assist in its prosecution. The representative's attorneys are competent in the relevant areas of the law, have sufficient experience to vigorously represent the Class, and the resources to ensure that this litigation will not be hampered by a lack of financial capacity.

53.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. The damages suffered by each individual Class member do not justify the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the members of the Class to individually and effectively redress the wrongs done to them. A class action regarding the issues in this case does not create any problems of manageability. The class action device presents far fewer management difficulties than alternative methods of adjudication, and provides the benefit of single adjudication, economy of scale, and comprehensive supervision by a single court.

54.     The Class may also be certified because:

   a.   the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

   b.   the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede the ability to protect their interests; and

   c.   Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

55.     Injunctive and declaratory Class-wide relief is also appropriate because Defendant

has acted or refused to act on grounds generally applicable to the Class.

## COUNT I
## BREACH OF WARRANTY

56.     Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein

57.     Defendant Intel sold its x86-64 computer processors in its regular course of
business. Plaintiff and Class members purchased Defendant Intel's x86-64 computer processors
or electronic devices containing its x86-64 computer processors.

58.     Defendant Intel's x86-64 computer processors are "consumer products" within the
meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1), and New York,
respectively.

59.     Plaintiff and Class members are "consumers" and "buyers" within the meaning of
the Magnuson-Moss Act, 15 U.S.C. § 2301(3) and New York law, respectively.

60.     Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-
Moss Warranty Act, 15 U.S.C. § 2301(4) – (5).

61.     Defendant is also a "manufacturer" and "seller" within the meaning of New York
law, respectively.

62.     Defendant made promises and representations in an express warranty provided to
all consumers, which became the basis of the bargain between Plaintiff, Class members, and
Defendant.

63.     Defendant's written affirmations of fact, promises and/or descriptions as alleged
are each a "written warranty." The affirmations of fact, promises and/or descriptions constitute a
"written warranty" within the meaning of the Magnuson-Moss Act, 15 U.S.C. §2301(6) and New
York law.

64.     By placing such products into the stream of commerce, by operation of law

including both New York law and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et.*

*seq.*, Defendant also impliedly warranted to Plaintiff and Class members that its x86-64

computer processors were of merchantable quality (*i.e.*, a product of a high enough quality to

make it fit for sale, usable for the purpose it was made, or of average worth in the marketplace,),

would pass without objection in the trade or business, and were free from material defects, and

reasonably fit for the use for which they were intended.

65.     Defendant breached all applicable warranties because its x86-64 computer

processors contain security flaws that may be exploited by hackers to access Plaintiff's and

putative Class members' personal and sensitive information. This defect substantially impairs the

use and value of electronic devices containing Defendant's x86-64 computer processors.

66.     The latent defect at issue herein existed when the x86-64 computer processors left

Defendant's possession or control and was sold to Plaintiff and the Class members. The defect

was undiscoverable to Plaintiff and the Class members at the time of purchase of the processors

or electronic devices containing Defendant's x86-64 computer processors.

67.     All conditions precedent to seeking liability under this claim for breach of express

and implied warranty have been performed by or on behalf of Plaintiff and others in terms of

paying for the goods at issue. Defendant has been aware or should have been aware of the defect

in its x86-64 computer processors and breach of the warranties, and has had an opportunity for

years to cure the defect for Plaintiff and all Class members, but has failed to do so.

68.     Defendant breached its express and implied warranties, as Defendant's x86-64

computer processors did not contain the properties Defendant represented.

69.     Defendant's breaches of warranty have caused Plaintiff and Class members to

suffer monetary loss by overpaying for products, and enter into transactions they would not have

entered into for the consideration paid. As a direct and proximate result of Defendant's breaches

of warranty, Plaintiff and Class members have suffered damages and continue to suffer damages, including economic damages in terms of the cost of processors or their electronic devices containing Defendant's x86-64 computer processors.

70.    As a result of the breach of these warranties, Plaintiff and Class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relief as deemed appropriate, for an amount to compensate them for not receiving the benefit of their bargain.

### COUNT II
### VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349

71.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

72.    New York General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

73.    In its sale of goods throughout the State of New York, Defendant conducts business and trade within the meaning and intendment of New York General Business Law § 349.

74.    Plaintiff and members of the Class are consumers who purchased products manufactured by Defendant for their personal use.

75.    Defendant has engaged in deceptive and misleading practices, which include, without limitation, selling x86-64 computer processors containing security flaws that may be exploited by hackers to access Plaintiff's and putative Class members' personal and sensitive information.

76.    By reason of this conduct, Defendant has engaged and continues to engage in deceptive conduct in violation of the New York General Business Law.

77.    Defendant's actions are the direct, foreseeable, and proximate cause of the

damages that Plaintiff and members of the Class have sustained from having paid for the processors or electronic devices containing Defendant's x86-64 computer processors.

78.    As a result of Defendant's violations, Plaintiff and others similarly situated have suffered damages and are entitled to recover those damages as well as reasonable attorney's fees from Defendant.

**COUNT III**
**VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 350**

79.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

80.    New York General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

81.    Pursuant to said statute, false advertising is defined as "advertising, including labeling, of a commodity… if such advertising is misleading in a material respect."

82.    Defendant was and is misleading in a material aspect due to false labeling and statements regarding its products, and has therefore directly violated New York General Business Law § 350, causing Plaintiff and others similarly situated damages.

83.    As a result of Defendant's violations, Plaintiff and others similarly situated have suffered damages due to said violation and are therefore entitled to recover damages and reasonable attorney's fees from Defendant.

**COUNT IV**
**FRAUDULENT CONCEALMENT / FRAUDULENT INDUCEMENT**

84.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

85.    Defendant had and continues to have a duty to warn consumers to whom it markets its x86-64 computer processors that the processors contain security flaws that may be exploited by hackers to access personal and sensitive information.

86.    That Defendant's x86-64 computer processors contain security flaws that may be

exploited by hackers to access personal and sensitive information is material information that Defendant has a duty to disclose to those purchasing the processors or electronic devices containing Defendant's x86-64 computer processors who, unlike Defendant, do not have access to such information.

87.    Defendant, with the intent that Plaintiff and members of the putative Classes rely thereupon, has and continues to sell its x86-64 computer processors without disclosing or advertising that they contain flaws.

88.    Based upon Defendant's concealment of these material facts, Defendant induced consumers, including Plaintiff and members of the putative Classes, to rely upon Defendant's omission and misrepresentation, and to purchase the processors or electronic devices containing its x86-64 computer processors.

89.    Plaintiff and members of the putative Classes have sustained economic injury as a direct and proximate result of Defendant's omissions and misrepresentations.

## COUNT V
## NEGLIGENT MISREPRESENTATION

90.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

91.    Defendant had and continues to have a duty to warn consumers to whom it sells its x86-64 computer processors or to whom purchase electronic devices containing its x86-64 computer processors that the processors containing security flaws that may be exploited by hackers to access personal and sensitive information.

92.    That Defendant's x86-64 computer processors contain security flaws that may be exploited by hackers to access personal and sensitive information is material information that Defendant has a duty to disclose to those purchasing its x86-64 computer processors or electronic devices containing its x86-64 computer processors, who, unlike Defendant, do not

have access to such information.

93.    At the time Defendant made its representations that its x86-64 computer

processors exhibit high performance and leave the user with a satisfying experience, Defendant

knew or should have known that these representations were false, that Defendant made them

without knowledge of their truth or veracity, or that they were materially misleading.

94.    Having negligently misrepresented and/or negligently omitted these material

facts, Defendant has and continues to sell its x86-64 computer processors without warning

consumers that the processors contain security flaws that may be exploited by hackers to access

personal and sensitive information.

95.    Based upon Defendant's negligent misrepresentation or concealment of these

material facts, Defendant induced consumers, including Plaintiff and members of the putative

Classes, to rely upon Defendant's omission and misrepresentation, and to purchase Defendant's

x86-64 computer processors or electronic devices containing its x86-64 computer processors,

which contain security flaws that may be exploited by hackers to access consumers' personal and

sensitive information.

96.    Plaintiffs and members of the putative Classes have sustained economic injury as

a direct and proximate result of Defendant's omissions and misrepresentations.

**COUNT VI**
**UNJUST ENRICHMENT**

97.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

98.    As Plaintiff and the Class show just grounds for recovering money to pay for

benefit that Defendant received from them, they have a right to restitution at law through an

action derived from the common-law writ of assumpsit by implying a contract at law, or a quasi-

contract as an alternative to a claim for breach of contract.

16

99.     Plaintiff and members of the Class conferred a benefit upon Defendant by purchasing its x86-64 computer processors or electronic devices containing its x86-64 computer processors. Defendant had knowledge that this benefit was conferred upon them.

100.    Defendant, having received such benefit, is required to make restitution as the circumstances here are such that, as between the two, it is unjust for Defendant to retain such monies based on the illegal conduct described above. Such money or property belongs in good conscience to Plaintiff and the Class members and can be traced to funds or property in Defendant's possession. Plaintiff and Class members have unjustly enriched Defendant through payments and the resulting profit enjoyed by Defendant as a direct result of such payments. Plaintiff's and Class members' detriment and Defendant's enrichment were related to and flowed from the conduct challenged in this Complaint.

101.    An entity that has been unjustly enriched at the expense of another is required to make restitution to the other. Under common law principles recognized in claims of common counts, assumpsit, and quasi-contract, as well as principles of unjust enrichment, under the circumstances alleged herein it would be inequitable for Defendant to retain such benefit without paying restitution or damages therefor. Defendant should not be permitted to retain the benefit conferred via payments to be received from and/or paid by Plaintiff and Class members as a result of such transactions, and other remedies and claims may not permit them to obtain such relief, leaving them without an adequate remedy at law.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief against Defendant as set forth below:

    a.  An award of damages, including actual, general, special, incidental, statutory, punitive, treble and consequential, in an amount to be determined at trial;

    b.  Notice to the Class of this action;

   c.   An injunction against Defendant prohibiting Defendant from continued unlawful practices, policies and patterns set forth herein;

   d.   Appoint Plaintiff as the representative of the Class and his Counsel as Class counsel;

   e.   Pre-judgment and post-judgment interest as provided by law;

   f.   Reasonable attorneys' fees and costs; and

   g.   Such other and further relief that this Court deems appropriate.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
      January 4, 2018

                                     Respectfully Submitted,

                                       IMBESI LAW P.C.

                                       /s/ *Israel Klein*
                                       Israel Klein, Esq.
                                       /s/ *Brittany Weiner*
                                       Brittany Weiner, Esq.
                                       450 Seventh Avenue, Suite 1408
                                       New York, New York 10123
                                       (646) 767-2265
                                       (646) 767-2271
                                       Israel@lawicm.com
                                       Brittany@lawicm.com